IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER JUSTIN BURTON, ) | |
|     Petitioner, ) | Civil Action No. 7:20cv00024 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| H. CLARKE, ) | By: Michael F. Urbanski |
|     Respondent. ) | Chief United States District Judge |

Petitioner Christopher Justin Burton, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2017 convictions and sentence in the Salem City Circuit Court. Upon review of the record, the court finds that Burton's petition is untimely filed and, therefore, will dismiss the petition.

## I.

On March 8, 2017, the Salem City Circuit Court entered judgment against Burton, convicting him of aggravated sexual battery and forcible sodomy, and sentencing him to an active term of thirteen years of incarceration. Burton did not appeal. Burton filed a habeas petition in the Supreme Court of Virginia on March 7, 2019. The court dismissed the petition on November 21, 2019. Burton filed the instant § 2254 habeas petition no earlier than December 26, 2019. The court conditionally filed Burton's petition, advised him that the petition appeared to be untimely filed, and gave him an opportunity to respond to the court regarding the timeliness of his petition. Burton filed no response concerning the timeliness of his petition.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Burton alleges nothing to support application of § 2244(d)(1)(B)-(D). Under § 2244(d)(1)(A), Burton's conviction became final on April 7, 2017, when his time to file an appeal to the Court of Appeals of Virginia expired. Therefore, Burton had until April 9, 2018[1] to file a timely federal habeas petition. Burton did not meet this deadline; in fact, by that date, Burton had yet to file his state habeas petition.[2] Accordingly, Burton's petition is time-barred unless he demonstrates that the court should equitably toll the limitations period, Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003), or that he is actually innocent of his convictions, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d. at 246 (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control"

---

[1] The court notes that April 7, 2018 was a Saturday and, therefore, Burton would have had until Monday, April 9, 2018 to file a timely petition.

[2] Burton's one-year limit had already run by the time he filed his state habeas petition in the Supreme Court of Virginia; therefore, Burton's state habeas petition afforded him no tolling under § 2244(d)(2).

prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998)).  An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).  Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998)).  Burton has presented no evidence to suggest that he was prevented from complying with the statutory time limit.  Accordingly, the court finds no basis to equitably toll the limitations period.

Finally, a gateway claim of actual innocence requires a petitioner to produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt to overcome a time-bar restriction. McQuiggin, 569 U.S. at 386 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Burton has not presented any new evidence in his federal habeas petition and, thus, has not plausibly alleged a basis for excusing his untimely filing.  Accordingly, the court concludes that Burton's petition is time-barred.

### III.

Based on the foregoing, the court will dismiss Burton's § 2254 petition as untimely filed.

**ENTER**:  This _29th_ day of July, 2020.

Michael F. Urbanski
Chief United States District Judge